UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DONALD L. WASHINGTON,            :
                                 :
        Petitioner               :
    v.                           :   CIVIL NO. 4:CV-05-2387
                                 :
                                 :   (Judge McClure)
SCI-COAL TWP. SUPERINTENDENT,    :
ET AL.,                          :
                                 :
        Respondents              :

## **MEMORANDUM AND ORDER**

April 4, 2006

### **Background**

Donald L. Washington, an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania ("SCI-Coal Twp."), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Service of the petition has not yet been ordered.

By Order dated December 7, 2005, Washington's motion for an enlargement of time in which to file a memorandum in support of his petition for writ of habeas corpus was granted. The Order also advised Washington of this Court's intention, upon preliminary review of the petition, to *sua sponte* raise the issue of whether his action is subject to dismissal as being time barred under 28 U.S.C. § 2244(d) . See United States v. Bendolph, 409 F.3d 155, 165, n. 15 (3d Cir. 2005)

and United States v. Johnson, 2005 WL 3179985 * 1, n.2 (M.D. Pa. Nov. 29, 2005)(Vanaskie, C.J.).

Washington states that he was convicted of first degree murder, criminal conspiracy to commit aggravated assault, and recklessly endangering another person following a jury trial in the Dauphin County, Pennsylvania Court of Common Pleas. He was sentenced to a term of life imprisonment on December 29, 1993. Following a direct appeal, the Pennsylvania Superior Court affirmed Washington's conviction and sentence on July 18, 1994. On April 18, 1995, the Pennsylvania Supreme Court denied Petitioner's request for allowance of appeal. See Commonwealth v. Washington, 657 A.2d 490 (Pa. 1995)(Table).

On or about June 22, 1995, Washington sought relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). His petition was denied by the trial court on January 15, 1997. An appeal to the Superior Court was denied on August 4, 1998. The Pennsylvania Supreme Court denied his request for allowance of appeal on March 23, 1999. See Commonwealth v. Washington, No. 678 M.D. Alloc. 1998, 1999 WL 160567 (Pa. 1999)(per curiam).

A second PCRA action filed by Washington on May 10, 1999 was unsuccessfully litigated in the Pennsylvania state courts until January 22, 2001. See Commonwealth v. Washington, 766 A.2d 1248 (Pa. 2001)(Table). Approximately six (6) months later, on June 5, 2001, the Petitioner filed a third unsuccessful

2

PCRA action. State court consideration of Washington's third PCRA proceedings concluded during December 2002.

Eight (8) months later, Washington filed a fourth PCRA action (in August, 2003). The Pennsylvania Supreme Court denied a petition for allowance of appeal with respect to the fourth PCRA action in December, 2004. Thereafter, the Petitioner waited a period of approximately eleven (11) months before initiating his present habeas corpus petition.

In his present action, Washington claims that he is entitled to federal habeas corpus relief based upon the following grounds of ineffective assistance of counsel: (1) counsel at his arraignment failed to request a pre-trial line up; (2) all subsequent counsel neglected to raise the lack of a pre-trial line-up issue; (3) trial counsel did not objecting to a suggestive in-court identification of the Petitioner; (4) appellate counsel failed to raise the identification issue; (5) trial counsel neglected to request a Kloiber instruction;[1] (6) appellate counsel did not raise the Kloiber issue. Washington also challenges his conviction on the grounds that he was subjected to an in-court suggestive identification and that Dwight Sutton, who is described as being a key Commonwealth witness, has recanted his testimony.

---

[1] See Commonwealth v. Kloiber, 106 A.2d 820 (Pa. 1954).

**Discussion**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended the federal habeas statute by imposing a statute of limitations on prisoners requesting habeas corpus relief pursuant to 28 U.S.C. § 2254.  Specifically, 28 U.S.C. § 2244(d)(1)-(2) provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. <u>The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review</u> . . . 
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(emphasis added); <u>see</u> generally, <u>Jones v. Morton</u>, 195 F.3d. 153, 157 (3d Cir. 1999).

In <u>Bendolph</u>, the Court of Appeals for the Third Circuit recognized that "courts have the power to raise the ADEPA limitations issue *sua sponte* in cases arising under § 2254. <u>Bendolph</u>, 409 F. 3d at 166 . The Court of Appeals added that "a court's exercise of its *sua sponte* powers should be limited" to the period when it undertakes preliminary consideration in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. <u>Id</u>. at

4

167. Since this Court is presently conducting its Rule 4 consideration, it is permissible to *sua sponte* raise the issue of whether the present matter is time barred. It is additionally noted that this Court's December 7, 2005 Order clearly advised the Petitioner of this Court's intention to *sua sponte* address the timeliness issue at this juncture, and afforded him the opportunity to submit a response addressing that issue.

Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the direct appeal is concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of <u>direct</u> <u>review</u> of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are <u>pending</u> in any state court.")(emphasis in original).

However, a one year grace period existed for applicants whose convictions became final before the April 23, 1996 effective date of the AEDPA. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Washington was convicted and sentenced in 1993. The Pennsylvania Supreme Court denied his request for allowance of appeal on April 18, 1995, prior to the AEDPA's effective date. Consequently, Washington had until April 23, 1997 in which to initiate a timely § 2254 petition.

As indicated above, § 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court.  Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted.  A "properly filed application" for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing.  Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).  The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought.  Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000).  "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition.  Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001).  Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court.  Jones, 195 F.3d at 158.

For purposes of this discussion, this Court will presume that Washington's first PCRA action was timely filed on June 22, 1995 and was not concluded until March 23, 1998, when the Pennsylvania Supreme Court denied his petition for allowance of appeal.  Consequently, this Court will presume that the statute of

6

limitations was tolled during that time period.

Clearly, the statute of limitations was not tolled for the one and one half (1 ½) months (March 23, 1999-May 10, 1999) between the termination of the first PCRA action and Washington's filing of a second PCRA action. Likewise, the statute was not tolled for the approximately six (6) month period (January 22, 2001- June 5, 2001) between conclusion of the second PCRA action and the filing of the third PCRA petition. The statute was also not tolled for the eight (8) month period (December 23, 2002-August, 2003) between the finish of the third PCRA and the initiation of the fourth petition. Tolling also did not transpire between termination of the fourth PCRA petition and the filing of this action, approximately eleven (11) months, from December 2004-November 17, 2005. Based upon those calculations, it is clear that § 2244(d)(1)(A)'s one year filing requirement has expired.[2]

The "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones, 195 F.3d at 159, citing Miller v. New Jersey State Department of

---

[2] If any of his multiple successive PCRA petitions were dismissed as being untimely or procedurally barred, Washington would not be entitled to tolling for the time periods in which those actions were pending in state court. See Lovasz, supra.

Corrections, 145 F.3d 616 (3d Cir. 1998).  The Jones court held that "extraordinary" and "rare" circumstances are required for the granting of equitable tolling.[3]  "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).[4]

While this Court is sympathetic to the plight of pro se litigants, under the standards set forth in Miller and Jones, the present petition simply does not allege the type of extraordinary circumstances which would warrant equitable tolling for the prolonged periods of inactivity by the Petitioner between litigation of his multiple apparently untimely successive PCRA actions and his failure to seek federal habeas corpus relief until more than  six (6) years after the denial of his first PCRA action.   Since Washington's present § 2254 action was not filed until November 17, 2005, it was well beyond the one year limitations period established by § 2244.

Furthermore, in his supporting memorandum, Washington argues that

---

[3] Equitable tolling may be appropriate "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, 195 F.3d at 159.

[4] This position is also supported by the unambiguous statutory language of 28 U.S.C. § 2254(i) which precludes habeas relief for ineffective or incompetence of collateral counsel.

dismissal under § 2244 only applies to second or successive federal habeas corpus applications.  <u>See</u> Record document no. 6, p.12.  He adds that because this is his first federal habeas corpus petition, it cannot be deemed time barred.  Petitioner does not offer any supporting authority for his novel argument.  Furthermore, his contention is simply baseless.  Pursuant to the above discussion., Petitioner's request for federal habeas corpus relief will be dismissed pursuant to § 2244(d)(1)(A).[5]  Consequently,

**IT HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

2. The Clerk of Court is directed to close the case.

3. Based on the Court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

   <u>  s/ James F. McClure, Jr.  </u>
   JAMES F. McCLURE, JR.
   United States District Judge

---

5. To the extent that Washington believes that there are circumstances existing that would warrant tolling of the limitations period, or that he can allege facts showing that his present habeas corpus petition was timely filed, he may seek reconsideration of this decision.  Any motion for reconsideration must be filed within ten (10) days of this decision.

9