UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD L. WASHINGTON, | : | |
| | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 4:CV-05-2387 |
| | : | |
| | : | (Judge McClure) |
| SCI-COAL TWP. SUPERINTENDENT, | : | |
| ET AL., | : | |
| | : | |
| Respondents | : | |

## **MEMORANDUM AND ORDER**

October 24, 2006

**Background**

This petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed by Donald L. Washington, an inmate confined at the State Correctional Institution, Coal Township, Pennsylvania ("SCI-Coal Twp."). By Order dated December 7, 2005, Washington was advised of this Court's intention, upon preliminary review of the petition, to *sua sponte* raise the issue of whether his action is subject to dismissal as being time barred under 28 U.S.C. § 2244(d) . See United States v. Bendolph, 409 F.3d 155, 165, n. 15 (3d Cir. 2005) and United States v. Johnson, 2005 WL 3179985 * 1, n.2 (M.D. Pa. Nov. 29, 2005)(Vanaskie, C.J.).

Thereafter, on April 4, 2006, this Court issued an Order dismissing Washington's petition on the grounds that it was time barred. Presently pending is Petitioner's motion seeking reconsideration of that determination. See Record document no. 10.

**Discussion**

Washington's reconsideration motion notes that claims of ineffective assistance of counsel are generally not raised on direct appeal.[1] He asserts that "he could not have pursued collateral review of an ineffective assistance of counsel claim until 'after' the March 23, 1999 decision of the Pennsylvania Supreme Court." Record document no. 10, p. 2.

It is initially noted that the Petitioner has not filed a brief in support of his motion as required under M.D. Pa. Local Rule 7.5.[2] Pursuant to Local Rule 7.5, it

---

[1] Washington claims that he is entitled to federal habeas corpus relief based upon the following grounds of ineffective assistance of counsel: (1) counsel at his arraignment failed to request a pre-trial line up; (2) all subsequent counsel neglected to raise the lack of a pre-trial line-up issue; (3) trial counsel did not object to a suggestive in-court identification of the Petitioner; (4) appellate counsel failed to raise the identification issue; (5) trial counsel neglected to request a Kloiber instruction; (6) appellate counsel did not raise the Kloiber issue. Washington also challenges his conviction on the grounds that he was subjected to an in-court suggestive identification and that Dwight Sutton, who is described as being a key Commonwealth witness, has recanted his testimony.

[2] M.D. Pa. Local Rule 7.5 states that if a supporting brief is not filed within ten (10) days after the filing of any motion submitted prior to trial, the motion shall be deemed withdrawn.

2

would be appropriate to deem Washington's reconsideration motion as being withdrawn.

Second, a motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Washington's request for reconsideration does not set forth any newly discovered facts or precedent which would affect this Court's prior determination.

The Petitioner has also failed to establish the presence of any errors of law or fact. Washington asserts that he could not raise his ineffective assistance of counsel claims until after March 23, 1999. This Court agrees that ineffective assistance of counsel claims can not always be raised on direct appeal. However, Washington's direct appeal concluded on April 18, 1995 and any ineffective assistance of counsel claims could have been raised thereafter. The March 23, 1999 date referenced by Petitioner represents the conclusion of his initial PCRA action (three (3) subsequent PCRA actions followed). Since the statute of limitations calculation undertaken by this Court's April 4, 2006 Memorandum and Order was sound, Washington's request for reconsideration will be denied. Consequently, **IT IS HEREBY ORDERED**:

>Petitioner's motion seeking reconsideration (Record document no. 10) is DENIED.

        s/   James F. McClure, Jr.  
        JAMES F. McCLURE, JR.  
        United States District Judge